# KENT COUNTY.

Mary Baker, Appellant, *vs.* Court of Probate of Coventry.

In Pub. Stat. R. I. cap. 85, § 13, the town clerk, to whom the death of a person must be certified before administration of the estate of such person shall be granted by the Probate Court, is the town clerk of the town where such Probate Court is held.

Appeal from the decree of a Probate Court. On motion to reverse the decree.

*Providence, October* 16, 1886. Durfee, C. J. This is an appeal from a decree of the Court of Probate of the town of Coventry admitting to probate an instrument in writing, purporting to be the will of Joseph Baker, deceased, and granting letters testamentary to Stephen W. Thornton, nominated as executor therein. The appellant moves " that the decree of said Probate Court be reversed, because, at the time said decree was made, no certificate of the death of Joseph Baker had been returned to the town clerk of the town of Warwick, where said Joseph Baker died, according to law." The appellant bases his motion on Pub. Stat. R. I. cap. 85, § 13, which provides as follows, to wit : —

" No letters of administration or letters testamentary shall be granted by any court of probate, upon the estate of any person, until the death of such person, or the facts from which the same is presumed, shall be duly certified, as near as may be, to the town clerk, in order that the same may be duly registered according to the provisions of this chapter."

The facts are as follows: Joseph Baker resided in Coventry for twelve years. In August, 1883, he was put under guardianship on his own application. In March, 1884, the guardian ordered Baker's nurse to take him to his, the nurse's, house in Warwick, where Baker died the following November. A proper certificate of death was procured from the undertaker and filed with the town clerk of Coventry before the will was offered for probate. No certificate had then been filed in Warwick. The appellant contends that the certificate should have been filed in Warwick, where Baker died, and that the filing of it in Coventry was of no avail. In support of this he cites Pub. Stat. R. I. cap. 85, § 8, which provides that no undertaker shall conduct a funeral unless he shall first obtain the physician's certificate required by section 6 of chapter 85, if a physician was in attendance on the deceased, and shall return it, " together with his own certificate of the information required by section 3 of said chapter 85, to the town clerk of the town where the death took place."

We do not think the motion as made could be granted in any event. Section 13 does not provide that no will shall be admitted to probate until the death of the testator has been duly certified to the town clerk, but only that until then no letters of administration or letters testamentary shall be granted upon his estate. The most that we could do under the motion, conceding the appellant's view to be correct, would be to reverse so much of the decree as purports to grant letters testamentary. We think, however, that the appellant's view is erroneous. The obvious construction of section 13 is that no " letters " shall be granted until the death shall be certified to the town clerk of the town where the court is held. This construction is confirmed by what the section declares to be the purpose, namely, " in order that the same," *i. e.* the death, " may be duly registered according to the

provisions of this chapter." Now section 1 of chapter 85 provides that " the town clerks of the several towns . . . shall obtain, chronologically *record*, and index, as required by the forms prescribed by section three of this chapter, all information concerning births, marriages, and deaths occurring among the *inhabitants* of their respective towns," etc. This shows that the death is to be registered where the deceased was an inhabitant, not where the death occurred, unless the death occurred in the town where the deceased was an inhabitant; and it is the court of probate of the town where the deceased was an inhabitant which has jurisdiction to grant letters of administration or letters testamentary on his estate. There is no provision for registering the death in the town where it occurred, unless the death occurred in the town where the deceased was an inhabitant.

The appellant lays stress on the words " duly certified," contained in section 13. The words do not necessarily import that the death, or the facts from which it shall be presumed, shall be proved by the undertaker's certificate, but only that proof thereof shall exist in some authentic form in the hands of the town clerk before " letters " are granted. It will be observed that section 1 makes it the duty of the town clerk to obtain all such information. We do not think the requirement of section 13 is to be construed with any unnecessary strictness, for, construing it as liberally as we properly can, it is not unlikely to be the occasion of serious embarrassments. There is no pretence that the information which the clerk had when the letters testamentary were granted was either incorrect or insufficient.

*Motion dismissed.*

*John J. Arnold*, for appellant.
*Dexter B. Potter*, for appellee.